# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD)(SN)

## DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF RENEWED MOTION FOR FINAL JUDGMENT AS TO LIABILITY AND FOR PARTIAL FINAL JUDGMENT FOR DAMAGES AGAINST THE ISLAMIC REPUBLIC OF IRAN FOR A HUSBAND AND WIFE WHO WERE MURDERED ON FLIGHT 11 ON SEPTEMBER 11, 2001 AND WHO WERE NON-U.S. NATIONALS

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1.     I am an attorney representing the Plaintiffs in the above-referenced actions, and I submit this declaration in support of the motion for final judgment as to liability and partial final judgment for damages on behalf of the Estates of Michael Theodoridis and Rahma Salie, husband and wife and non-U.S. National Plaintiffs listed in annexed Exhibit A (which is Exhibit B to the Proposed Order).  Such motion seeks the following requested relief:

(1)     entering a judgment as to liability for the Estates of Michael Theodoridis and Rahma Salie  for their common law claims against the Islamic Republic or Iran ("Iran");[1] AND,

(2)     finding Iran jointly and severally liable with the Taliban and awarding the Estates of Michael Theodoridis and Rahma Salie damages judgments against Iran in the same amounts

---

[1] The Court previously determined that (i) service of process in the above-captioned matters was properly effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants, (ii) the Court has subject-matter jurisdiction over the common law claims of non-U.S. national plaintiffs pursuant to 28 U.S.C. § 1605B, and (iii) that this Court has subject-matter jurisdiction over Iran under the common law for actions arising out of intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in significant grief sustained by family members of those killed in the attacks. *See* ECF No. 9931 at 7.

previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(3)     awarding intentional infliction of emotional distress (solatium) damages to the Estates of Michael Theodoridis and Rahma Salie in the amounts of $12,500,000 per spouse, as set forth in annexed Exhibit A; AND,

(4)     awarding the Estates of Michael Theodoridis and Rahma Salie prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(5)     granting the Estates of Michael Theodoridis and Rahma Salie permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(6)     granting permission for all other Plaintiffs in these actions not appearing in Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(7)     granting to the Estates of Michael Theodoridis and Rahma Salie such other and further relief as this honorable court deems just and proper.

<u>Applicable Orders</u>

2.     The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

> a.     The Court's January 24, 2017 Order, ECF No. 3435,[2] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 11 below.

---

[2] All ECF numbers are to the MDL docket unless stated otherwise.

b.    The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

c.    The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.    The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

e.    The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

f.    The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

g.    The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

3.    The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C. as modified by the Court's September 22, 2023 Order, ECF No. 9355.

<u>Due Diligence</u>:

4.    The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past twenty years, my firm's representation of the Estates of Michael Theodoridis and Rahma Salie in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Estates of Michael Theodoridis and Rahma Salie, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the Estates of Michael Theodoridis and Rahma Salie are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3

5.      The Plaintiffs identified in Exhibit A are estates of two immediate family members of 9/11 decedents killed in the terrorist attacks on September 11, 2001, the Estates of Michael Theodoridis and Rahma Salie.

6.      The personal representatives of the Estates of Michael Theodoridis and Rahma Salie have provided the undersigned counsel with proof that they have been appointed by the court as the personal representative of the respective deceased relative estate.

7.      Michael Theodoridis and Rahma Salie both died in the September 11th terrorist attacks and were each other's spouse, as described in Exhibit A.  These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

8.      To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that Michael Theodoridis and Rahma Salie were married on September 11, 2001.

9.      After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to the Estates of Michael Theodoridis and Rahma Salie against Iran for their spousal claims.[3]

10.      Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433 (adopted in ECF No. 3435), and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iran, no economic relief has previously been awarded to the Estates of Michael Theodoridis and Rahma Salie, except as noted in footnote 3.

---

[3] The Estates of Michael Theodoridis and Rahma Salie were each awarded a damages judgment for their pain and suffering as 9/11 decedents (the Estate of Michael Theodoridis was also awarded economic damages). *See* ECF No. 9931 at 11 and 13.

4

11.    We have further confirmed that the Estates of Michael Theodoridis and Rahma Salie do not have any prior judgment arising out of the September 11th attacks against Iran, except as noted in footnote 3 herein.

<u>Service of Process</u>

12.    Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in Exhibit A to the Proposed Order and confirmed by the Court at ECF No. 9931.

<u>Estates of Immediate Family Members</u>:

13.    We have been retained individually by the Estates of Michael Theodoridis and Rahma Salie to pursue recovery for their intentional infliction of emotional distress (solatium) losses arising out of the pain and suffering in witnessing the impending death of their spouse on September 11, 2001.  We have verified that the Estates of Michael Theodoridis and Rahma Salie have not recovered for their damages previously against Iran, except as noted in footnote 4, and that the Estates of Michael Theodoridis and Rahma Salie do not have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks against Iran.

14.    The $12,500,000 amount set forth in Exhibit A is the figure this Court has previously determined appropriate for solatium damages based on a spousal relationship to a 9/11 decedent.  *See, e.g.*, ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

15.    Michael Theodoridis and Rahma Salie were both passengers on American Airlines Flight 11. Michael Theodoridis grew up in Switzerland and moved to Massachusetts to study at Boston University. Similarly, Rahma Salie grew up in Japan and moved to Massachusetts to attend Wellesley College. Michael and Rahma got married in 1998. On September 11, 2001, Michael and Rahma boarded Flight 11 to

docs-100718499.1

attend a wedding in California. Rahma was pregnant and was expecting to give birth to

the couple's first child in November of 2001.

16.     Annexed hereto as Exhibit B is a true and correct copy of a photo of

Rahma Salie's name on the memorial pool at the 9/11 Memorial.

17.      Annexed hereto as Exhibit C is a true and correct copy of a 9/11

Memorial & Museum webpage on Michael Theodoridis and Rahma Salie.

Conclusion:

18.     Based on the foregoing, I respectfully request that this Court grant the proposed

partial final judgments as set forth in the Notice of Motion.


Dated:   New York, New York
         September 9, 2024

                                             /s Jerry S. Goldman
                                             Jerry S. Goldman, Esq.


6